BRYAN CAVE LLP, #00145700
Robert W. Shely, No. 014261
Jesse T. Anderson, No. 023072
Two N. Central Avenue, Suite 2200
Phoenix, AZ  85004-4406
Telephone:  (602) 364-7000
Facsimile:  (602) 364-7070
rwshely@bryancave.com
andersonj@bryancave.com

Attorneys for Defendants Bank of America, N.A.
and Bank of America Corporation

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Stanley J. Dale, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>Bank of America Corporation, a Delaware corporation, Bank of America, N.A., a national bank; and DOES 1-20,<br><br>    Defendants. | No. CV-13-01171-PHX-DGC<br><br>**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>(Assigned to the Honorable David G. Campbell) |

    Stanley Dale's Complaint for damages and request for declaratory relief, specific performance, and request for injunctive relief is premised on the erroneous assertion that there is a private cause of action under the 2009 Consent Judgment between Bank of America and the State of Arizona.  Dale brings this action because he wants Defendants to write off thousands of dollars of the loan he used to purchase his house.  Despite the fact that Dale has defaulted on his loan more than once, Bank of America agreed to modify Dale's loan in 2010.  After the initial modification, Dale went into default a second time.  Now, Dale has rejected additional offers to modify his loan because he wants a reduction

in the principal that he borrowed. Dale is not entitled to free money, and the defendants are not required to write down a consumer's loan. Accordingly, Dale's Complaint fails to state a claim for relief, and Bank of America Corporation ("BAC") and Bank of America, N.A. ("BANA" collectively referred to as "Defendants") request that Dale's Complaint be dismissed with prejudice. This Motion is supported by the following Memorandum of Points and Authorities and the record before this Court.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   BACKGROUND.

On or about January 7, 2007, Stanley Dale borrowed $305,000 ("Loan") from Flagstar Bank ("Lender") to purchase real property ("Property"). [Complaint ¶ 6] A Note and Deed of Trust evidence and secure the Loan. Dale alleges that he fell into default under the terms of the Note and Deed of Trust and in October of 2008, Countrywide Financial Corporation contacted him to advise him that he *may* be eligible for a loan modification. [Complaint ¶ 10] Two years later, on December 31, 2010, Dale entered into a loan modification agreement with BANA. [Complaint ¶ 40]. Dale remained current on his modified loan for just over a year, falling into default again in March of 2012. [Complaint ¶ 42]. Dale alleges that he and BANA spent nearly a year trying to qualify him for a HAMP modification, but on February 15, 2013, he was informed that he was not eligible for a HAMP modification. [Complaint ¶ 51]. On February 20, 2013, BANA offered Dale a non-Hamp loan modification, which he rejected. [Complaint ¶¶ 52, 56]. Dale alleges that he brought this action because he believes that BANA will move forward to foreclose on the Property. [Complaint ¶ 56]

### II.   LEGAL STANDARD.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 674, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570 (2007)) (reversing denial of motion to dismiss).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).  A plaintiff cannot meet his burden simply by contending that he "might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561.  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  It is not sufficient if the complaint merely establishes a "sheer possibility" that the defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).  To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." Id. at 1950.

### A.  The Complaint Fails To State A Claim Against Bank of America Corporation.

BAC is a holding company.  It is not the beneficiary of the Deed of Trust, is not named on the trustee's deed, and did not sell the Property or make any representations to Dale.  Parent corporations are not *ipso facto* liable for the acts of their subsidiaries. E.g., Taeger v. Catholic Family & Community Servs., 196 Ariz. 285, 297–98, 995 P.2d 721, 733–34 (Ct. App. 1999) (affirming directed verdict for parent corporation).

To succeed on this theory, Dale would need to plead facts suggesting both "'unity of control' and 'that observance of the corporate form would sanction a fraud or promote injustice.'" Taeger, 196 Ariz. at 297 (quoting Gatecliff v. Great Republic Life Ins. Co., 170 Ariz. 34, 37, 821 P.2d 725, 728 (1991)).  Dale fails to plead any facts suggesting that BAC "controls" BANA or that observing the ordinary corporate formalities would "sanction a fraud or promote injustice."

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

Rather, without pleading substantiating facts, Dale merely concludes that websites, credit cards, and banking centers are operated or offered by "BAC" without any distinction from BANA or other BAC subsidiaries. [Complaint ¶ 70]  The Court should disregard Dale's conclusory allegations, and dismiss the Complaint as against BAC.

### B. Plaintiff Fails To Allege A Claim For Consumer Fraud.

The statute of limitations on consumer fraud is one year. A.R.S. § 12-541(5). Dale's consumer fraud claim consists of allegations that occurred prior to December 31, 2010, when he obtained and signed a loan modification. [Complaint ¶¶ 9-40] Accordingly, any claims for consumer fraud relating to alleged conduct or statements made prior to December 31, 2010 are time barred.

Even assuming the truth of his allegations, Dale fails to explain how the statements were false (some of the allegations pertain to practices, not statements of fact), or how he detrimentally relied on them.  These allegations cannot sustain a claim for fraud. Comerica Bank v. Mahmoodi, 224 Ariz. 289, 291-92, 229 P.3d 1031, 1033-34 (Ct. App. 2010) (elements of fraud include a false representation and detrimental reliance); Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged") (affirming dismissal of fraud claims); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (complaint must set forth what is false or misleading about any alleged statement, and why).

Dale does not have a claim for consumer fraud based on BANA's alleged, general violations of HAMP.  "The elements of the private cause of action [under the Consumer Fraud Act] are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." Holeman v. Neils, 803 F. Supp. 237, 242 (D. Ariz. 1992). See also, Kuehn v. Stanley, 208 Ariz. 124, 129, 91 P.3d 346, 351 (Ct. App. 2004) (same) (citing Correa v. Pecos Valley Dev. Corp., 126 Ariz. 601, 605, 617 P.2d 767, 771 (Ct. App. 1980)); A.R.S. § 44-1522(A).

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

Dale points to no "false promise or misrepresentation." Instead his allegations imply that BANA violated HAMP, a claim he lacks standing to pursue. Puzz v. Chase Home Finance, LLC, 763 F. Supp. 2d 1116, 1121–22 (D. Ariz. 2011). The Court should dismiss that claim. Short v. Chase Home Finance LLC, No. CV–11–133–PHX–DGC, 2011 WL 9160941, at *2-3 (D. Ariz. Aug. 22, 2011) (rejecting fraud claim premised on allegations that lender failed to comply with HAMP, including allegation that lender "refused to properly and timely review Plaintiffs' HAMP application"); Keosseian v. Bank of America, No. 11–3478 (JAP), 2012 WL 458470, at *2 (D.N.J. Feb. 10, 2012) (dismissing claim brought under consumer fraud statute for Bank of America's "alleged failure to comply with its obligations under HAMP").

### C. Plaintiffs Fail To State A Claim For Negligent Misrepresentation.

Arizona courts recognize the tort of negligent misrepresentation, as defined by the Restatement (Second) of Torts § 552:

> One who, in the course of his business, profession, or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

St. Joseph's Hospital & Medical Center v. Reserve Life Ins. Co., 154 Ariz. 307, 312, 742 P.2d 808, 813 (1987) (in banc) (citing Rest. (2d) of Torts § 552 (1965)). To state a claim for negligent misrepresentation, the plaintiff must plead, among other things, (1) a falsity; (2) justifiable reliance on the falsity; and (3) a causal link between the falsity and the damages alleged. Kuehn v. Stanley, 208 Ariz. 124, 127, 91 P.3d 346, 349 (Ct. App. 2004) (affirming summary judgment for defendant). Negligent misrepresentation requires a misrepresentation or omission of fact. McAlister v. Citibank (Arizona), a Subsidiary of Citicorp, 171 Ariz. 207, 215, 829 P.2d 1253, 1261 (App. 1992).

In Arizona, "[a] promise of future conduct is not a statement of fact capable of supporting a claim of negligent misrepresentation." Hunter v. CitiMortgage, Inc., No. CV-

11-01549, 2011 WL 4625973, at *4 (D. Ariz. Oct. 5, 2011) (quoting McAlister v. CitiBank, 171 Ariz. 207, 215, 829 P.2d 1253, 1261 (Ct. App. 1992)) (dismissing claim that lender negligently misrepresented that it would postpone trustee's sale while reviewing plaintiff for a loan modification). Dale does not identify any misrepresentation by BANA. He does not allege that he was promised a HAMP modification, and Plaintiff did receive a modification in December of 2010. Even after Dale obtained his first modification, he once again defaulted on his loan. [Complaint ¶ 42]. After obtaining his first modification, Dale does not identify any false representation. Dale instead alleges that he was told "an application for modification should be made under the auspices of [HAMP]." [Complaint ¶ 45] He does not allege that he was promised a modification under HAMP, and after it was determined that he was ineligible under HAMP, Dale was offered a non-HAMP modification[1]. [Complaint ¶ 56].

### D. Plaintiff Fails To State A Claim For Fraud (Intentional Misrepresentation).

Dale asserts that Defendants concealed unspecified information that, if known to Plaintiff, would have caused him not to "change his position to his detriment in such reliance." [Complaint ¶ 71] Dale also asserts that Defendants "engaged, and continue to engage, in a pattern and practice of misleading consumers about the potential or process for securing modifications of their mortgages." [Complaint ¶ 69] To the extent Dale intends to assert a claim for fraud or for fraudulent concealment, the claim must fail. Fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). In Arizona, the plaintiff must plead factual matter demonstrating "that the defendant made a false, material representation that he knew was false or was ignorant of its truth, with the intention that the hearer of the representation act on it in a manner reasonably contemplated, that the hearer was ignorant of the representation's falsity, rightfully relied on the truth of the

---

[1] To the extent that Plaintiff is bringing claims for negligent misrepresentations brought prior to May 9, 2011, those allegations are time barred.

representation, and sustained consequent and proximate damage." Haisch v. Allstate Ins. Co., 197 Ariz. 606, 610, 5 P.3d 940, 944 (Ct. App. 2000). Plaintiff fails to plead any of these elements with factual specificity. The Complaint does not identify what the allegedly false or concealed information was, why Plaintiff relied on it, why that reliance was reasonable, or how the alleged false statements or omissions damaged him. This is not acceptable under Rule 9(b), and the Court should dismiss the Complaint to the extent it asserts a fraud claim.[2]

### E. Plaintiff Fails To Plead A RICO Claim (Fourth Cause of Action).

Dale's RICO claim consists of vague and conclusory paragraphs under the heading of "RICO." To establish a civil RICO claim, a plaintiff must allege one of a limited number of specifically enumerated acts in order to properly plead a racketeering activity. 18 U.S.C. § 1961(1). Further, "[t]he Ninth Circuit has held that allegations of predicate acts under RICO must comply with Rule 9(b)'s specificity requirements. U.S. Concord, Inc. v. Harris Graphics Corp., 757 F. Supp. 1053, 1061 (N.D. Cal. 1991); accord Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) ("Rule 9(b)'s requirement that in all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity appl[y] to civil RICO fraud claims"). Nowhere in Dale's complaint does he specify which enumerated predicate acts Defendants committed. Indeed, Dale does not even identify which section under 18 U.S.C. § 1962 Defendants allegedly violated.

"To avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Edwards, 356 F.3d at 1066 (dismissing fraud-based RICO claim for failure to plead fraud with sufficient particularity). As set out at length above, Dale failed to allege any specific circumstances or representations in

---

[2] Any claim for fraud also is likely barred by the three-year statute of limitations. A.R.S. § 12-543(3).

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1  support of the claim.  As Dale have failed to allege even the most basic elements of a civil
2  RICO claim, this Count must fail as a matter of law and the Court should dismiss Dale's
3  RICO claim.

### F. Plaintiff's Breach Of Contract Claim Fails.

Dale has failed to set forth a valid breach of contract claim.  The basis for his claim appears to be the assertion that the 2009 Consent Judgment created a contract between Dale and Defendants.  This is simply not the case.  There was no signed agreement between Dale and Defendants, and the Consent Order is not a contract between the parties in this litigation.

The 2009 Consent Judgment specifically states that:

> 10.6 *No Third Party Beneficiaries Intended*. This Consent Judgment is <u>not intended to confer upon any person any rights or remedies, including rights as a third party beneficiary</u>. This Consent Judgment is not intended to create a private right of action on the part of any person or entity other the parties hereto.

[Id. at 34 (emphasis added)] See also, Sherman v. First American Title Ins. Co., 201 Ariz. 564, 567, 38 P.3d 1229, 1232 (Ct. App. 2002) ("For a person to recover as a third-party beneficiary in Arizona, the contracting parties must intend to directly benefit that person and must indicate that intention in the contract itself.").

Accordingly, each and every allegation in the Complaint that in any way relies on the 2009 Consent Judgment fails to state a claim for relief.

### G. Plaintiff Is Not Entitled To Declaratory Relief Or Injunctive Relief.

Dale asks for a temporary restraining order and interlocutory injunction to withhold Defendants from holding a trustee sale (despite the fact he does not allege that a sale has been noticed or scheduled).  Dale is not entitled to injunctive relief because a preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original).  Plaintiff asks the Court to engage in an "exercise of a very far reaching power never to be indulged except in a case clearly

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

warranting it." Sierra Club v. Hickel, 433 F.2d 24, 33 (9th Cir. 1970). Dale bears the burden of clearly establishing entitlement to a preliminary injunction. Plaintiff must prove that: (1) he has a likelihood of success on the merits; (2) there is a likelihood of irreparable harm if a preliminary injunction is not issued; (3) the balance of hardships favors an injunction; and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, 555 U.S. 7, 16, 129 S. Ct. 365, 374 (2008). The Court should deny Dale's request because he cannot demonstrate a likelihood of success on the merits for the reasons set forth at length in this motion. Furthermore, the balance of hardships favors the Defendants. Plaintiff will not suffer any legally cognizable injury if his property is sold at foreclosure. When Dale obtained a mortgage loan, he signed documents plainly providing that his property could be sold to satisfy the outstanding debt if his loan fell into default. Dale has not once in the Complaint alleged that he is not in default, that he honored his loan obligations, or anything else to suggest that the equities of the situation favor him. Rather, Dale essentially seeks a windfall by defaulting on the loan and groundlessly arguing that the security for the loan is not enforceable. The Court's equitable power to enter an injunction was not designed to accommodate such tactics.

Dale is also not entitled to declaratory relief or specific performance under the Consent Judgment. As discussed previously, Dale was not a party to that action and does not have standing to enforce the terms of the Consent Judgment.

### III. CONCLUSION

Dale has defaulted on his obligation to repay his loan. He pursued and received a modification from BANA in 2010, which he subsequently defaulted on. Now, without justification, Dale wants BANA to write down the principal of his loan. He was never promised a principal reduction nor is he entitled to one. Accordingly, Dale's Complaint should be dismissed with prejudice.

9

1 | DATED this 17th day of June, 2013.

BRYAN CAVE LLP

By   s/ Jesse T. Anderson
Robert W. Shely
Jesse T. Anderson
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406

Attorneys for Defendant Bank of America, National Association

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and mailed a copy to:

Stanley J. Dale
4848 East Cactus Road #505-513
Scottsdale, Arizona   85254
Plaintiff Pro Per


s/   Amy Robinson